UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-62415-CV-SEITZ

HAWK TECHNOLOGY SYSTEMS, LLC,

        Plaintiff,

vs.

BURLINGTON COAT FACTORY DIRECT CORP.,

        Defendant.
_____/

### ORDER STRIKING AMENDED COMPLAINT [DE 11] AND ANSWER [DE 22], DENYING AS MOOT MOTION FOR EXTENSION OF TIME [DE 24], AND RESCHEDULING MARCH 25, 2014 SCHEDULING CONFERENCE

THIS MATTER came before the Court on Defendant's Unopposed Request for Enlargement of Time [DE 24]. Upon review of the Amended Complaint [DE 11], the Court concludes it is insufficient.[1] Accordingly, the Court will *sua sponte* strike the Amended Complaint [DE11] and Answer [DE 22] and will grant leave to replead. If, after Plaintiff files an Amended Complaint and Defendant answers, the parties require additional time to file a joint notice of claims in dispute, they may seek leave for an extension at that time.

Turning to the Amending Complaint, the factual basis of Plaintiff's patent infringement claim is threadbare. The complaint alleges just one fact relevant to the allegation that Defendant is infringing on its patent - that Defendant "uses a video storage and display system and methods that infringe the '462 patent." [DE 11, ¶ 16]. Plaintiff goes on to assert the *legal conclusion* that Defendant's use "infringe[s] one or more claims of the '462 patent" and that "Hawk has been

---

[1] Plaintiff filed a nearly identical complaint in *Hawk Technology Systems, LLC. v. Brickell Financial Centre, LLC.*, 13-cv-24005. That matter came before the Court for a scheduling conference on February 19, 2014. Following the conference, the Court *sua sponte* struck the Complaint and, as it will do here, directed Plaintiff to amend with sufficient factual allegations. In accordance with Fed. R. Civ. P. 1, the Court will strike the pleadings before the scheduling conference in this matter.

damaged by Burlington's infringement." [DE 11, ¶ 21; ¶ 22]. While the Complaint fully recites the three claims that *may* be at issue, Plaintiff does not allege any facts concerning the accused devices. Plaintiff has not stated whether Defendant uses a system covered by Claim 1 or Claim 15, and/or the method described in Claim 12.[2] Nor has Plaintiff described, even in general terms, how the accused devices function. "Although notice pleading does not require plaintiff to specifically plead every element of his cause of action, a complaint must still contain enough information regarding material elements of a cause of action to support recovery under some viable legal theory." *Am. Fed. of Labor and Cong. Of Indus. Org's. v. City of Miami, Fl*, 637 F.3d 1178, 1186 (11th Cir. 2011). As it is pled, Plaintiff's conclusory allegation is insufficient to support recovery under any theory. While Plaintiff cannot be expected to have an intricate understanding of Defendant's surveillance systems at this stage, Rule 11 requires that Plaintiff have at least some knowledge about how the accused device infringes on the patent such that recovery under a cause of patent infringement is justified.

Defendant is reminded that the general rules of pleading apply to affirmative defenses. In answering the Second Amended Complaint, Defendant shall plead only those defenses that it can factually support at the time of filing. If new information relevant to a defense is obtained through discovery, counsel may seek leave to amend under Rule 15. Therefore, it is

ORDERED THAT

(1) The Amended Complaint [DE 11] and Answer [DE 22] are **STICKEN.** Plaintiff shall file its Second Amended Complaint no later than **March 17, 2014.** Defendant's answer shall be filed within the time limits set in Rule 15.

---

[2] The two systems differ, in part, in that the system described in Claim 12 uses two separate storage media, one being randomly searchable, the other being continual. The system described in Claim 15 uses a sensing mechanism and a single media. The method in Claim 12 is for the simultaneous display and storage of multiple images taken from one or more cameras.

(2) The parties shall file their Joint Scheduling Report by **April 16, 2014**.

(3) The scheduling conference currently set for March 25, 2014 at 9:00 a.m. is **rescheduled to April 30, 2014 at 10:00 a.m.,** Courtroom 11-4, 400 North Miami Avenue, Miami, Florida.

(4) Defendant's Unopposed Request for Enlargement of Time to Comply with Paragraphs 2.A and 2.B. of the Order Requiring Joint Scheduling Report [DE 24] is **DENIED AS MOOT.**

DONE AND ORDERED in Miami, Florida this __10__ day of March, 2014.

                                                PATRICIA A. SEITZ
                                                UNITED STATES DISTRICT JUDGE

cc:  All counsel of record