**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| HAWK TECHNOLOGY SYSTEMS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BURLINGTON COAT FACTORY )<br>DIRECT CORPORATION, et al., )<br>)<br>Defendants. )<br>_____ ) | Case No. 0:13-cv-62415-PAS |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SECOND
AFFIRMATIVE DEFENSE TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff, Hawk Technology Systems, LLC ("Hawk"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f), hereby moves for entry of an order striking the second affirmative defense asserted by Defendants, Burlington Coat Factory Direct Corporation and Burlington Coat Factory Warehouse Corporation (collectively, "Burlington"), in response to Hawk's Second Amended Complaint, and files this memorandum in support.

**I.      INTRODUCTION**

Hawk filed its Second Amended Complaint in this action on March 17, 2014, alleging direct infringement of Hawk's patent, United States Patent No. RE43,462 ("the '462 Patent"), against Burlington. On April 4, 2014, Burlington filed its Answer to Plaintiff's Second Amended Complaint as well as various defenses and affirmative defenses. Pursuant to Rule 12(f), Hawk hereby moves for the entry of an order striking Burlington's Second Affirmative Defense (Invalidity of the Asserted Patent) as it was insufficiently pled and does not set forth *any* factual allegations. This putative defense merely cites patent statutes and does nothing to advise Hawk or this Court about what Burlington believes forms the basis of the defense. In short,

1

Burlington's second affirmative defense was not pled with the requisite degree of particularity required by Fed.R.Civ.P. 8 and should be stricken.

## II.     LEGAL STANDARD

As explained by this Court in *Castillo v. Roche Labs. Inc.*, 2010 WL 3027726, *1 (S.D. Fla. Aug. 2, 2010), "Federal Rule of Civil Procedure 12(f) provides that the court may strike from a pleading *an insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter."  Affirmative defenses are considered "insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which requires 'a short and plain statement' of the defense."  *Id. citing Voter Verified, Inc. v. Election Sys. & Software,* No. 6:09–cv–1969–Orl–19KRS, 2010 U.S. Dist. LEXIS 63679, at *3–4, 2010 WL 2243702 (M.D. Fla. June 4, 2010).

This Court recognized that the United States Supreme Court "clarified the pleading specificity standard" in *Twombly* and *Iqbal* "explaining that '[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id. citing Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).  Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id. citing Twombly,* 550 U.S. at 555; *accord Mid–Continent Casualty Co. v. Active Drywall South, Inc.,* 765 F.Supp.2d 1360, 1361, 2011 WL 679850 *1 (S.D.Fla. 2011) ("[a]lthough an affirmative defense 'does not need detailed factual allegations, it requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"); *Holtzman v. B/E Aerospace, Inc.,* No. 07–80551, 2008 U.S. Dist. LEXIS 42630, at *6 (S.D.Fla. May 28, 2008) ("While Defendants need not provide detailed

factual allegations, they must provide more than bare-bones conclusions. Plaintiff should not be left to discover the bare minimum facts constituting a defense until discovery.")

### III.     Burlington's Second Affirmative Defense Should be Stricken

Burlington's second affirmative defense states in its entirety that the "[c]laims of the '462 Reissue are invalid for failure to comply with one or more provisions of the United States patent laws, 35 U.S.C. §§ 100, et seq., including but not limited to *one or more* of 35 U.S.C. §§ 101, 102, 103, 112, 135(b), and for double patenting." (Emphasis added). This defense does not set forth *any* facts which explain why the '462 Patent is invalid. As stated, it is impossible to tell why Burlington believes the '462 Patent is invalid.

Chapter 35 contains a dozen or so bases upon which to invalidate a patent. Each basis requires particular facts be proved to support the defense. None of those facts have been pled. In *Worldtech Systems, Inc. v. Integrated Network Solutions, Inc.*, 609 F.3d 1308 (Fed.Cir. 2010) the Federal Circuit, which has exclusive jurisdiction over patent appeals, held that a conclusory invalidity defense *exactly* like the one at issue here provides "little notice" to the patent holder of what the defense is asserting. The Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) made crystal clear that *facts* which make a claim (or defense) "plausible" must be plead. It is hard to conceive of how a claim or affirmative defense that is one hundred percent (100%) completely devoid of any factual allegations, like Burlington's second affirmative defense here, can possibly survive *Iqbal* scrutiny.

In *Omega Patents, LLC v. Lear Corp.*, No. 6:07-cv-1422-Orl-31DAB, 2007 WL 4247674 (M.D. Fla. Nov. 30. 2007), the Court struck a counterclaim asserting a patent "is invalid for failure to satisfy one or more requirements for patentability set forth in the patent laws of the United States, Title 35 of the United States Code, including but not necessarily limited to the

3

requirements set forth in §§ 102, 103, and/or 112." (Doc. 9 at 5-6)."  The *Omega* Court opined "this 'counterclaim' fails to rise even to the level of a conclusory assertion and will be stricken." *See also*, *Automated Transaction Corp. v. Bill Me Later, Inc.* 2010 WL 3419282, * 4 (S.D. Fla. 1010) (striking the exact same conclusorily pled invalidity defense as is alleged here on the basis that it violates the one claim per rule defense rule set forth in Fed.R.Civ.P. 10(b)).

Similarly, the Court in *Groupon, Inc. v. MobGob, LLC,* No. 10 C 7456, 2011 WL 2111986, *1-5) (N.D. Ill. May 25 2011) also struck an affirmative defense and counterclaim both of which stated "the '343 Patent is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103 and 112 and 116."  The *Groupon* Court held that the affirmative defense and counterclaim were "clearly" "insufficient on their face." *Accord, Reid Ashman Mfg, Inc. v. Swanson Semiconductor Service, LLC¸ 2007 WL 1394427* (N.D. Cal. 2007) (striking an identical invalidity affirmative defense and opining that even under "notice pleading requirements" "it does not provide . . . sufficient notice."); *PB Farradyne, Inc. v. Peterson*, 2006 WL 132182 (N.D. Cal. 2006) (same); *Genetic Technologies, Ltd. v. Interleukin Genetics, Inc.,* 2010 WL 3362344, *1-2 (W.D. Wis. 2010) (striking identical invalidity defense and opining that it "cannot treat this conclusory allegation [invalidity citing to Chapter 35] as true," and finding that "at no point does defendant allege any facts that would suggest why the patent" is invalid.); *Unigene Laboratories, Inc. Apotex, Inc.,* 2010 WL 2730471, *3 (S.D. N.Y. 2010) (striking identical invalidity defense and opining "this is a broad general statement encompassing all defenses under the patent laws and does not comply with Rule 8(a)(2) or 8(d)(1)."); *Sorenson v. Spectrum Brands, Inc.,* 2009 WL 5199461, *1 (S.D. Cal. 2009) ("Here, Count II  . . . is nearly devoid of factual assertions. Defendant only alleges that 'the claim of the '184 patent are invalid under 35 U.S.C. §§ 101,

102, 103, and/or 112.'  This threadbare statement is precisely the type of allegation that is insufficient . . . under the *Iqbal* standard."); *Duramed Pharmaceuticals, Inc. v. Watson Laboratories, Inc.,* 2008 WL 5232908, *4 (D. Nev. 2008) (striking an identical invalidity defense and opining that it was insufficient under *Iqbal*); *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.,* 531 F.Supp.2d 620 (S.D. N.Y. 2008)(striking identical invalidity defense and opining that "Clariti merely assets these claims and defenses without alleging even general facts to support them.  In fact, Clariti asserts *no* facts, nor does Clariti even refer to the elements of the various affirmative defenses.  Mere conclusory assertions are not sufficient."); *Bartronic, Inc. v. Power-One, Inc.*, 245 F.R.D. 532 (S.D. Ala. 2007) (dismissing counterclaims pleading invalidity by merely citing to §103 and §112 on the basis that they were pled in an entirely conclusory fashion, with no supporting facts of any kind.); *Sprint Communications Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615 (D.Kan. 2006) (striking identical affirmative defense and finding that it was "fatally vague"); *Hazelquist v. Guchi Moochi Tackle Co., Inc.* , 73 U.S.P.Q.2d 1314 (W.D. Wash. 2004) (defendant was ordered to provide a more definite statement after pleading an identical defense to the one at issue here.); *Qarbon.com, Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046 (N.D. Cal. 2004) (holding that an identical affirmative defense was "radically insufficient" and the "Court would not accept wholly conclusory allegations.")

IV.     CONCLUSION

For the foregoing reasons, Burlington's Second Affirmative Defense should be stricken.

**CERTIFICATE OF CONFERRAL**

Pursuant to L. R. Civ. P. 7.1(a)(3), undersigned counsel certifies that she has conferred with all parties or non-parties who may be affected by the relief sought in this motion, and has been advised by Defendant's counsel that Defendant objects to the relief requested herein.

Dated: April 24, 2014

>Respectfully submitted,
>
>By: /s/ *Angela M. Lipscomb*
>Angela M. Lipscomb (31111)
>Alipscomb@lebfirm.com
>LIPSCOMB, EISENBERG & BAKER, PL
>2 South Biscayne Blvd., Penthouse 3800
>Miami, FL 33131
>Telephone: (786) 431-2228
>Facsimile:  (786) 431-2229
>*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of April, 2014, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF and on all of those parities receiving electronic notification via the Court's CM/ECF electronic filing.

>By:  /s/ *Angela M. Lipscomb*
>Angela M. Lipscomb