**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 13-62415-CIV-SEITZ/TURNOFF**

HAWK TECHNOLOGY SYSTEMS, LLC,

               Plaintiff,

     v.

BURLINGTON COAT FACTORY
DIRECT CORPORATION and
BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION,

               Defendants.

_____

**DEFENDANTS' OPPOSITION IN RESPONSE TO**
**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SECOND**
**AFFIRMATIVE DEFENSE TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Burlington Coat Factory Direct Corporation and Burlington Coat Factory Warehouse Corporation ("Defendants") by and through the undersigned counsel hereby oppose the Motion to Strike Defendants' Second Affirmative Defense to Plaintiff's Second Amended Complaint filed by Plaintiff Hawk Technology System ("Hawk"), relying on the points and authorities contained herein.

**I.    PRELIMINARY STATEMENT**

Hawk's motion – and indeed its entire case against Defendants – is without merit.

Hawk filed this action on November 5, 2013 [D.E. 1], erroneously naming as the sole defendant Burlington Coat Factory Direct Corporation, an entity with no connection to the allegedly infringing activity.  *See* D.E. 22 at 1.  Even a cursory pre-suit investigation would have revealed the correct entity associated with the accused installation of camera systems in Burlington stores. Hawk apparently did not perform even this cursory pre-suit investigation. Hawk compounds this by bringing the present motion seeking information it already has.

After once filing an Amended Complaint, and after this Amended Complaint was stricken by the Court as insufficiently pled [D.E. 25], Hawk filed a Second Amended Complaint ("SAC") on March 17, 2014, this time adding as an additional defendant the correct entity – Burlington Coat Factory Warehouse Corporation – but again failing to dismiss the wrongly sued Burlington Coat Factory Direct Corporation.  D.E. 27.

In its Second Amended Complaint, Hawk again asserted infringement of a reissue patent, U.S. Patent No. RE43,462 ("the '462 Reissue").  *Id.*  Attached to Hawk's SAC was a claim chart setting out the alleged infringement. *Id.*, Ex. B.  Hawk's charting of every claim asserted therein cited to equipment that is not part of the accused camera installations at Burlington Coat Factory, equipment that Defendants previously informed Hawk was and is not present in the accused systems.  Hawk appears to have had no basis for alleging that this equipment was part of the accused systems, and when repeatedly asked, Hawk's counsel could not provide a reason why it had included this non-installed equipment in its contentions and in the SAC.[1]

Defendants filed their Answer to the SAC on April 3, 2014.  DE 31.  Defendants' Answer included traditional affirmative defenses[2] to patent infringement.  Early on April 24, 2014 – Hawk's deadline under Fed. R. Civ. P. 12(f) – Hawk's counsel first advised Defendants of its intent to move to strike Defendants' second affirmative defense to the SAC.   (Toddy Decl., Ex. A.)  Defendants' counsel at that time advised Hawk that the defense was sufficiently pled under the governing pleading standard, and further that per the Court's Order [D.E. 30], Defendants would be serving their detailed invalidity contentions *the very next day*.  (Toddy Decl., Ex. B.)

---

[1] Defendants reserve the right to raise these issues in a motion seeking sanctions under Rule 11.

[2] *See, e.g.*, *Apotex, Inc. v. Teva Pharm. Indus., Ltd.*, No. 13-60601-CIV-Seitz/Simonton (S.D. Fla. Filed May 28, 2013), Dkt. No. 28 (unclean hands, laches and invalidity defenses); *Motorola Mobility, Inc. v. Apple Inc.*, No. 1:12-cv-20271-RNS-TEB (S.D. Fla. Filed Aug. 3, 2012), Dkt. No. 120 (invalidity, laches and prosecution estoppel defenses).

At the same time, Defendants informed Hawk that should Hawk move to strike, Defendants would seek costs in defending such a frivolous motion.  Defendants also (again) asked for Hawk's basis for maintaining its suit despite the fact that Defendants never implemented the "alarm board" technology accused in Hawk's SAC.  *Id.*  Hawk failed to respond, and instead filed its motion to strike Defendants' invalidity affirmative defense late on April 24th, less than 24 hours before Defendants filed their detailed invalidity contentions as ordered by the Court. *Compare* D.E. 34 *with* D.E. 35.

Through its course of conduct, Hawk has forced the parties and the Court to spend time and energy on a case that was wrongly brought from the outset, and has now compounded the problem by filing a motion that was without merit when it was filed, and then mooted less than 24 hours later.  Defendants request that the Court deny the motion and award Defendants their fees and costs spent in opposing a motion that Hawk should have never brought, in a case that Hawk should have never filed.

## II.    ARGUMENT

### A.    Legal Standard

Motions to strike are "disfavored in federal practice." *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) (denying motion to strike, *inter alia*, defendant's affirmative defense of invalidity). "[I]t is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia County*, 306 F.2d 862, 868 (5th Cir.1962).[3]  While the Court has discretion in considering a motion to strike, "Striking defenses from a pleading ... 'is a drastic remedy to be resorted to only

---

[3] Decisions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

when required for the purposes of justice' and only when the stricken material has 'no possible relation to the controversy.'" *Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc.*, 12-61670-CIV, 2013 WL 4496510, at *2 (S.D. Fla. Aug. 22, 2013), citing *Augustus*, 306 F.2d at 868.

Defendants recognize that in *Castillo v. Roche Labs. Inc.*, No. 10–20876–CIV, 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010) this court held that after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a heightened pleading standard also applies to affirmative defenses.  An affirmative defense is insufficient where it "fails to meet the general pleading requirements of Federal Rule of Civil Procedure 8, which requires a short and plain statement of the defense asserted." *See Voter Verified, Inc. v. Election Sys. & Software, Inc.*, No. 6:09-CV-1969, 2010 WL 2243702, at *1.  (M.D. Fla. Jun. 4, 2010) (internal quotations omitted); *id.* at *2 (denying motion to strike several affirmative defenses in a patent infringement litigation).  Even under this standard, however, a defendant need not provide detailed factual allegations, but merely must allege sufficient facts to support the asserted defense.  For traditional invalidity defenses, courts have repeatedly held that pleading the statutory bases is sufficient.  *See, e.g., Boldstar*, 517 F. Supp. 2d at 1291; *see also Graphic Packaging Int'l, Inc. v. C. W. Zumbiel Co.*, No. 1:10-cv-3008-AT, 2011 WL 5829674, at *2 (N.D. Ga. Aug. 1, 2011) (denying motion to strike invalidity defenses under *Twombly/Iqbal*).

Additionally, where, as here, Defendants' bases for invalidity are to be specifically detailed in court-mandated invalidity contentions shortly after their Answer is filed, that itself satisfies the notice requirements of *Twombly/ Iqbal*:

> Even if the Court did not find that the statutory pleadings alone were sufficient to state invalidity claims and affirmative defenses, the Patent Local Rules operate to make further factual pleading unnecessary. ***The Rules require an invalidity claimant to file a heightened pleading of invalidity contentions soon after it files its claims.*** *See* Patent L.R. 4, NDGa. "***By requiring the party***

4

> *claiming invalidity to flesh out and support its invalidity*
> *contentions early on, the Patent Local Rules fulfill the function*
> *of Twombly and Iqbal*," namely, mandating early notice of the
> factual predicate for the suit so that the court may weed out
> unmeritorious claims and relieve the defendant from the burden of
> unnecessary discovery.

*Graphic Packaging*, 2011 WL 5829674, at *4 (additional citations omitted, emphases added).

**B.    Defendants' Second Affirmative Defense
       Is Sufficiently Pled Under The Court's Standard**

Defendants' second affirmative defense of invalidity is a short and plain statement of

their defense and provides sufficient information to give Hawk fair notice of the defense.[4]

First, courts analyzing similar affirmative defenses after *Twombly* have determined that

invalidity affirmative defenses are sufficient when they cite the statutory bases the defendant

intends to raise. For example, in *Boldstar*, the Court denied a similar motion to strike the

defendant's affirmative defense of invalidity, stating:

> The court finds that Home Depot has alleged sufficient facts to
> support the defense of patent invalidity. ***Home Depot has***
> ***identified the specific statutory provisions which allegedly***
> ***operate to make the patent invalid. Courts have declined to strike***
> ***defenses of patent invalidity which make express reference to***
> ***particular sections of the statute.*** ... Accordingly, the court will
> deny plaintiff's motion to strike Home Depot's second affirmative
> defense.

*Boldstar*, 517 F. Supp. 2d at 1291 (citation omitted, emphasis added).

Similarly, in *Graphic Packaging*, the court also denied a motion to strike an invalidity

affirmative defense that stated only statutory bases because it:  (1) provided fair notice "that

[defendant] claims that the patents-in-suit are invalid and that those invalidity claims are

grounded on the patent's failure to satisfy the conditions and requirements for patentability" as

---

[4] Defendants' "Second Defense: Invalidity Of The Asserted Patent" states [D.E. 31 at 6]:
"2. Claims of the '462 Reissue are invalid for failure to comply with one or more provisions of
the United States patent laws, 35 U.S.C. §§ 100, et seq., including but not limited to one or more
of 35 U.S.C. §§ 101, 102, 103, 112, 135(b), and for double patenting."

set forth in the patent statutes; (2) equitably provided "a degree of factual detail similar to the disclosures the Federal Circuit has found to be sufficient to state an infringement claim" based on Form 18 of the Federal Rules of Civil Procedure; and (3) would be expanded with further detailed factual support in later discovery. *Graphic Packaging*, 2011 WL 5829674, at *2 - 5. Defendants should not be required to recite more detailed and specific factual allegations in order to survive a motion to strike an invalidity defense here, particularly where the requisite detail Hawk seeks has already been provided in detailed invalidity contentions, as set forth below.

### C.  Defendants' Court-Ordered Filing
###  Of Invalidity Contentions Moots Hawk's Motion

Hawk's Motion is particularly frivolous since Defendants advised Hawk before it filed its motion that within 24 hours of Hawk's proposed filing, Defendants would be filing their detailed invalidity contentions, as required by the Court.  (Toddy Decl., Ex. B.)  Even if Hawk believed it needed more information about Defendants' invalidity defenses, it received that information in invalidity contentions that were already due to be filed – and were in fact filed – the day after Hawk brought its motion.  There is no question that these contentions satisfy even the heightened *Iqbal/Twombly* standard, should the Court apply that to Defendant's invalidity affirmative defense here.  *See* D.E. 35.  Thus, it would be a waste of resources to strike an affirmative defense to require Defendants to provide additional information when that information and more has already been provided pursuant to a prior order of this Court.

### D.  Hawk's Cited Cases Do Not Support
###  Granting The Extraordinary Relief It Seeks

#### 1.  Hawk's Florida Cases Do Not Support Its Requested Relief

Hawk fails to cite a single case in this district where an invalidity defense such as the one pled here was stricken.  Hawk badly misrepresents the Court's disposition of *Automated Transaction Corp. v. Bill Me Later, Inc.*, No. 09–61903–CIV, 2010 WL 3419282 (S.D. Fla. Aug.

27, 2010), stating that the Court "[struck] the exact same conclusorily pled invalidity defense as is alleged here on the basis that it violates the one claim per rule [sic] defense rule set forth in Fed.R.Civ.P. 10(b))." D.E. 34 at 4.  This is simply not true.  Plaintiff's motion to strike in *Automated Transaction Corp.* was actually denied as moot because plaintiff had sought leave to file an amended complaint.  *Id.* at *4.  While the Court advised that in answering the amended complaint, "each statutory basis for invalidity should be broken out into separate defenses" (*id.*), nowhere did the Court find the defendant's pleading of statutory defenses lacking in sufficient detail under Rule 8, let alone strike them.  So, the Court's disposition in *Automated Transaction* does not counsel in favor of striking invalidity affirmative defense here.  Indeed striking a defense for the sole purpose of having Defendants separate it into discrete paragraphs would be the height of elevating form over substance, and inconsistent with the notion of striking defenses "sparingly" and "when the stricken material has no possible relation to the controversy."

Hawk also misrepresents the disposition of *Omega Patents, LLC v. Lear Corp.*, No. 6:07-cv-1422-Orl-31DAB, 2007 WL 4247674 (M.D. Fla. Nov. 30, 2007), omitting from its case quote the very portion of the defense that formed the basis for the Court's decision to strike it.  In *Omega*, defendant as part of its affirmative defense relied on a statement that "[a]fter a reasonable opportunity for further investigation or discovery, there is likely to be evidence" of invalidity.  *Id.* at *2.  In striking that defense, the *Omega* court stated:  "A contention that the party believes discovery will provide evidence to support some unspecified affirmative defense does not even rise to the level of a conclusory assertion."  *Id.*

Here, Defendants did not and do not rely on some unspecified future discovery to plead their invalidity case.  To the contrary, Defendants specifically pled their statutory bases for invalidity in the challenged Answer, and have already filed and served detailed invalidity

contentions setting forth in detail their theories of invalidity, to the extent presently known.  D.E.

35.  While future discovery might reveal additional bases for invalidity, Defendants have

adequately pled those bases of which they are presently aware.  Thus, *Omega* is inapplicable.

> **2.      Hawk Also Mischaracterizes Its Non-Florida Cases,
> Representing A Minority View, And Which Are Easily Distinguished**

Hawk misrepresents the court's decision in *PB Farradyne, Inc. v. Peterson*, C 05-03447,

2006 WL 132182 (N.D. Cal. Jan. 17, 2006) as striking an invalidity affirmative defense (D.E. 34

at 4) when in reality the court struck a declaratory judgment plaintiff's invalidity claim, and with

leave to replead.  Defendants have already provided more than the requisite detail Hawk seeks in

its motion; striking the defense here would be a waste of judicial and party resources.

Hawk likewise misrepresents the decision in *Genetic Techs. Ltd. v. Interleukin Genetics

Inc.*, 10-CV-69-BBC, 2010 WL 3362344 (W.D. Wis. Aug. 24, 2010) as one striking an

"identical invalidity defense."  D.E. 34 at 4.  This is wrong for two reasons.  First, the challenged

pleading section in *Genetic* was a counterclaim, rather than a defense.  Second, the plaintiff there

did not challenge the invalidity portion of the counterclaim at all; plaintiff only challenged the

portion of the counterclaim that alleged unenforceability. Only as to "unenforceability" (not

challenged here) did the court say it could not divine factual support in defendant's citation to

"one or more of 35 U.S.C. § 101, 102, 103 and 112."  Because an unenforceability defense is not

at issue here, and a similar invalidity defense went unchallenged in *Genetic*, *Genetic* does not

help Hawk.

In *Unigene Labs., Inc. v. Apotex, Inc.*, 06-CV-5571, 2010 WL 2730471 (S.D.N.Y. July 7,

2010), the court did not strike an invalidity defense, as Hawk asserts.  D.E. 34 at 4.  Rather, a

statutory invalidity defense much broader than the one alleged here, namely invalidity under

"one or more provisions of 35 U.S.C. § 101" that the court found "encompass[ed] all defenses

under the patent laws" had been pled throughout by defendants but had apparently never been developed, and so was "deemed waived." *Unigene Labs.,* 2010 WL 2730471*,* at \*3.  Invalidity defenses under sections 103 and 112 – also alleged here – were not stricken, and had already apparently been litigated.  So, the non-binding decision in *Unigene* is not applicable here for at least because: it did not involve a motion to strike a pleading; the challenged defense failed to identify specific statutory sections; and the challenged defense was apparently not developed, unlike here where Defendants have already provided detailed contentions.  *Unigene* is inapplicable.

Hawk's remaining string-cites largely relate to counterclaims, some with parallel affirmative defenses, unlike here.  And the few cases in which invalidity defenses were stricken constitute the minority view regarding striking statutory invalidity defenses and are not binding on this court.  Regardless, in each case defendants were either required or given leave to provide additional detail in support of the stricken invalidity defenses that had not been provided at the time.  Here, Defendants' detailed bases for invalidity have already been provided in a court-ordered filing.  D.E. 35.  So, Hawk's remaining cases are also distinguishable on that basis.[5]

Finally, declining to follow another of Hawk's cited cases, *Duramed Pharm. v. Watson Labs.*, No. 08-00116, 2008 WL 5232908 (D.Nev. Dec. 12, 2008), in *Elan Pharma Int'l. Ltd. v. Lupin Ltd.*, No. 09-1008 JAG, 2010 WL 1372316 (D.N.J. Mar. 31, 2010) the court aptly stated:

> ***The disclosure requirements of the local patent rules mandate the provision of specific factual and theoretical disclosures by both sides in short order.*** ... Elan is put on notice of Lupin's defenses and suffers no strategic disadvantage by not obtaining a more detailed answer. **. . .*There is no basis to grant Elan's motion to strike at such an early stage of this litigation.***

---

[5] Even if the Court believes that more detail was required, it is within the Court's discretion to treat the previously filed invalidity contentions as part of Defendants' invalidity defense, and thus to deny Hawk's motion as moot.

> Equally important, ***this Court cannot determine that these defenses could not succeed as a matter of law or that Lupin is not entitled to relief. The inability to reach this determination is in essence, the death knell of Elan's motion to strike.***

*Id.* at \*5 - 6 (emphases added); *see also Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010) ( "[B]ecause the Court requires that invalidity contentions be served promptly after a counterclaim of invalidity is advanced, invalidity claims are not subject to the heightened pleading standards of *Twombly* and *Iqbal*.").

## III.    <u>CONCLUSION</u>

Defendants' invalidity affirmative defense is adequately pled under the appropriate standard.  Additionally, any information that Hawk could reasonably argue it needs from Defendants to prepare to meet their invalidity defenses was already provided the day after this motion was filed, at the time directed by the Court for providing detailed invalidity contentions. For these and the other reasons set forth herein, Defendants request that the Court deny Hawk's Motion to Strike, and award Defendants their fees and costs in responding to a needless motion.

Dated: May 12, 2014

*s/       Thomas Meeks*
Thomas J. Meeks (314323)
tmeeks@cfjblaw.com
**CARLTON FIELDS JORDEN BURT**
100 S.E. Second Street, Suite 4200
Miami, Florida 33131-2114
Tel.: (305) 530-0050
Fax: (305) 530-0055

Stephen J. Joncus (*admitted pro hac vice*)
stephen.joncus@klarquist.com
Derrick W. Toddy (*admitted pro hac vice*)
derrick.toddy@klarquist.com
**KLARQUIST SPARKMAN, LLP**
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301

10

*Attorneys for Defendants Burlington Coat Factory Direct Corporation and Burlington Coat Factory Warehouse Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12, 2014, a true and correct copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system and served on all counsel receiving electronic notification via the Court's CM/ECF system.

s/Thomas J. Meeks     
Thomas J. Meeks

## <u>SERVICE LIST</u>

Angela M. Lipscomb, Esq.
alipscomb@lebfirm.com
**LIPSCOMB, EISENBERG & BAKER, PL**
2 South Biscayne Blvd., Penthouse 3800
Miami, FL 33131
Telephone: 786-431-2228
Facsimile: 786-431-2229

*Attorneys for Plaintiff Hawk Technology Systems, LLC*
*(via electronic filing)*

29982126.1